# IN THE UNITED STATED DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **MIDFIRST BANK,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 6:23-cv-443-JCB |
| § | |
| **JERRY OLIN HUFF,** § | |
| § | |
| Defendant. § | |

## MOTION FOR FINAL DEFAULT JUDGMENT

Plaintiff MidFirst Bank ("MidFirst" or Plaintiff") files this, its *Motion for Final Default Judgment*, and respectfully shows as follows:

## I.   BACKGROUND

1. Plaintiff filed its *Original Complaint* ("Complaint") against Defendant Jerry Olin Huff ("Defendant") on September 1, 2023. [ECF Docket No. 1].

2. Defendant was served on October 26, 2023, via personal service at 209 Magnolia Lane, Chandler, Texas 75758 [ECF Document No. 6.] His answer or response to the Original Complaint was due on November 16, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

3. Defendant has not answered or otherwise appeared in this action.

4. The Clerk of the Court entered default against Defendants on December 6, 2023. [ECF No. 6.]

5. Defendant is not on active-duty military status. Defendant is not an infant (under age 21) or incompetent person. *See* Exhibit A-1.

6. Plaintiff is entitled to an entry of default as to Defendant because he did not answer or otherwise defend the Original Complaint.

7. Plaintiff now asks the Court to render default judgment against Defendant.

## II. LEGAL STANDARD

8. Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973).

## III. ARGUMENT AND AUTHORITIES

9. The Court should render a default judgment against Defendant because he did not file a responsive pleading or otherwise defend the claims against him. Such default constitutes an admission by Defendant on all allegations in the Original Complaint. The facts asserted in the Original Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the Original Complaint, Defendant has admitted the well-pleaded factual allegations therein and are "barred from contesting on appeal the facts thus established. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

10. With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must

not differ from or exceed what is demanded in the pleadings. *See* FED. R. CIV. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

11. Plaintiff does not seek monetary damages against Defendant, but instead seeks declaratory judgment that Plaintiff as the owner and holder of the Note, and beneficiary of the Security Instrument, it has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property which is subject of this matter, 209 Magnolia Lane, Chandler, Texas 75758, and more particularly described as:

> ALL THAT CERTAIN LOT, TRACT OR PARCEL OF LAND SITUATED IN THE SIMON WEISS SURVEY, A-799, HENDERSON COUNTY, TEXAS, AND BEING DESCRIBED AS LOT NO. 24, MCFARLAND ADDITION, ACCORDING TO THE PLAT RECORDED IN VOLUME 6, PAGE 55, NOW KNOWN AS CABINET B, SLIDE 104, PLAT RECORDS OF HENDERSON COUNTY, TEXAS.

(The "Property"). Therefore, no hearing is necessary to establish Plaintiff's damages.

12. In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

13. The Complaint alleges that on or about March 9, 2012, Decedent Jennifer Huff ("Borrower") executed a *Note* in the principal amount of $112,366.00 ("Note"), bearing interest rate of 4.000% per annum, originally payable to W.R. Starkey, L.L.P. [*See* ECF Docket No. 1 at ¶ 13].

14. Concurrently with the execution of the Note, Borrower executed a *Deed of Trust* (the "Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting W.R. Starkey. L.L.P., its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Henderson County, Texas, as Document No. 2012-00003776 on March 21, 2012 [*See* ECF Docket No. 1 at ¶ 14]. Plaintiff further alleges that it is the current holder of the Note, specially indorsed to MidFirst Bank, with standing to enforce the terms of the Security Instrument. [*See* ECF Docket No. 1 at ¶ 17].

15. Decedent Jennifer Huff passed away on August 30, 2022 [See ECF Docket No. 1 at ¶ 18.] Upon information and belief, no probate was ever opened for her. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, Defendant, as her heir, acquired her interest in the Property immediately upon her death, subject to the Loan Agreement debt owed to Plaintiff. [*See* ECF Docket No. 1 at ¶ 18].

16. The Loan Agreement is in default as of May 1, 2020, and all subsequent payments. [*See* ECF Docket No. 1 at ¶ 21]. A notice of default was provided in accordance with section 51.002(d) of the Texas Property Code, but the default was not cured. [*See* ECF Docket No. 1 at ¶ 21]. As a result, the maturity of the debt was accelerated on October 18, 2022 [*See* ECF Docket No. 1 at ¶ 22]. Therefore, the Original Complaint conclusively establishes each of the necessary elements of Plaintiff's non-judicial foreclosure claim.

17. Plaintiff requested reasonable and necessary attorney's fees against Defendant based on Texas Civil Practice and Remedies Code Chapters 37 and 38 and pursuant to the terms of the loan documents executed by the Borrower. Plaintiff is entitled to attorney's fees under Chapter 37 because it seeks a declaratory judgment concerning its authority to enforce the power of sale in the Security Instrument through foreclosure of the Property. Plaintiff is further entitled attorney's fees

under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. The amount of such fees to be determined by subsequent motion practice. Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendant, but as a further obligation owed by the Borrowers under the subject Note and Security Instrument.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a final default judgment against Defendant Jerry Olin Huff on all claims asserted against him in Plaintiff's Original Complaint, and award Plaintiff the following relief:

- a. Judgment against Defendant for court costs;

- b. Judgment against Defendant for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

- c. Judgment declaring that Plaintiff is the owner and holder of the Note with standing to enforce the Security Instrument;

- d. Judgment against Defendant declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

- e. Judgment against Defendant declaring that Plaintiff, its successors and assigns, may proceed with non-judicial foreclosure of the Property pursuant to the Security Instrument and the Texas Property Code; and

- f. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: */s/ Cheyenne D. Haley*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **CHEYENNE D. HALEY**
    Texas Bar No. 24131883
    chaley@mwzmlaw.com

    **MACKIE WOLF ZIENTZ & MANN, P.C.**
    14160 North Dallas Parkway, Suite 900
    Dallas, Texas 75254
    Telephone: 214-635-2650
    Facsimile: 214-635-2686

    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 20, 2023, a copy of the above and foregoing document was served on the following Defendant in the manner described below:

**Via CMRR # 9314 7699 0430 0115 3424 67**
**and U.S. Mail**
Jerry Olin Huff
209 Magnolia Lane
Chandler, Texas 75758


    */s/ Cheyenne D. Haley*
    **CHEYENNE D. HALEY**