UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00443

**Midfirst Bank,**
*Plaintiff,*

v.

**Jerry Olin Huff,**
*Defendant.*

# FINAL DEFAULT JUDGMENT

Having determined that plaintiff is entitled to a default judgment by separate order, the court hereby enters judgment. The court declares and orders the following:

1. An event of default has occurred on the note executed by Jennifer Huff in the amount of $112,366.00 attached to the complaint at Doc. 1-1 ("Note").

2. The Deed of Trust executed by Jennifer Huff (the "Security Instrument" and, together with the Note, "Loan Agreement"), recorded in the Official Public Records of Henderson County, Texas, Document No. 2012-00003776, provides plaintiff, as the current owner of the Note and mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a lien security interest on that certain real property commonly known as 209 Magnolia Lane, Chandler, Texas 75758 (the "Property"), and more particularly described as follows:

    > ALL THAT CERTAIN LOT, TRACT OR PARCEL OF LAND SITUATED IN THE SIMON WEISS SURVEY, A-799, HENDERSON COUNTY, TEXAS, AND BEING DESCRIBED AS LOT NO. 24, MCFARLAND ADDITION, ACCORDING TO THE PLAT RECORDED IN VOLUME 6, PAGE 55, NOW KNOWN AS CABINET B, SLIDE

      104, PLAT RECORDS OF HENDERSON COUNTY, TEXAS.

3. Plaintiff is the current legal owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff is also a mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.
4. The following are secured by the Security Interest on the Property: the outstanding balance of the Note, including attorneys' fees; pre-judgment interest at the Note interest rate of 4.000%; post-judgment interest at the Note interest rate of 4.000%; and costs of court.
5. Plaintiff, or its successors or assigns, may proceed with non-judicial foreclosure of defendant's interests in the Property as provided in the Security Instrument and section 51.002 of the Texas Property Code.
6. Should plaintiff proceed with foreclosure on the Property, the purchaser at the foreclosure sale will be vested with all of defendant's interest, rights, and title in the Property.
7. Plaintiff may further communicate with defendant and all third parties reasonably necessary to conduct the foreclosure sale.
8. All costs are to be taxed against defendant as a further obligation of the debt, and not as a personal judgment against defendant.
9. This is a final default judgment that fully and finally resolves all claims between plaintiff and defendant.
10. Plaintiff may recover attorneys' fees from defendant, not as a personal judgment, but as an obligation under the note and security instrument, in an amount established by subsequent motion.

*So ordered by the court on June 21, 2024.*

                                      J. CAMPBELL BARKER
                                     United States District Judge