IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **MIDFIRST BANK,** § § § | |
| **Plaintiff,** § § | **CIVIL ACTION NO. 6:23-CV-00443-JCB-JDL** |
| v. § § | |
| **JERRY OLIN HUFF,** § § § | |
| **Defendant.** § | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On July 5, 2024, Plaintiff MidFirst Bank filed a motion for reasonable costs and attorney's fees (Doc. No. 11). The undersigned issued a report (Doc. No. 13) recommending that the motion be denied for failure to provide the necessary information to determine if the requested award is reasonable. Plaintiff subsequently filed the instant amended motion for reasonable costs and attorney's fees (Doc. No. 14). Defendant has not filed a response. For the reasons set forth herein, the court **RECOMMENDS** that Plaintiff's motion (Doc. No. 14) be **GRANTED-IN-PART AND DENIED-IN-PART**.

**BACKGROUND**

Plaintiff is the current holder of a note and deed of trust for real property located in Henderson County, Texas, pursuant to a loan agreement with Decedent Jennifer Huff. After Decedent passed away on or about August 30, 2022, Plaintiff brought this lawsuit against her estate seeking to foreclose on the property. (Doc. No. 1.) The district court subsequently entered a default judgment against Decedent declaring that Plaintiff is the current legal owner and holder of the note

1

and beneficiary of the deed of trust for the property and further declaring that Plaintiff may proceed with the foreclosure sale. (Doc. No. 9.) The district court's default judgment order also stated that Plaintiff could seek attorney's fees by separate motion. *Id.* at 2. Plaintiff's motion seeks an award of reasonable and necessary attorney's fees in the amount of $4,357.50 pursuant to Texas Civil Practice & Remedies Code § 38.001.

## LEGAL STANDARD

Under Section 38.001(b)(8), the successful party in a contract dispute may recover the amount of a valid claim, costs, and reasonable attorney's fees. Tex. Civ. Prac. & Rem. Code § 38.001(b)(8). The Fifth Circuit uses the lodestar method to calculate the appropriate attorney's fee award. *Saizan v. Delta Concrete Prods. Co.,* 448 F.3d 795, 799 (5th Cir. 2006). Using this method, the number of hours an attorney reasonably spent on the case is multiplied by the market rate in the community for such work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). A reasonable hourly rate should be similar to rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). "The fee applicant bears the burden to prove by competent evidence that the requested rate is reasonable." *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1993) (citing *Blum*, 465 U.S. at 895 n.11). A conclusory statement that a fee is reasonable is insufficient to calculate the lodestar. *Paul v. Trans Union, LLC*, No. 420CV00794SDJCAN, 2021 WL 3503393, at *15 (E.D. Tex. July 21, 2021), *report and recommendation adopted sub nom. Kevin Paul v. Trans Union, LLC, et al.*, No. 4:20-CV-794, 2021 WL 3487485 (E.D. Tex. Aug. 9, 2021) (citation omitted).

To assist the court in determining the lodestar fee, the applicant should produce evidence of rates actually billed and paid for similar work, whether by affidavits from other attorneys in the

community, attorney's fee awards in similar lawsuits, or surveys of typical attorney's fees by practice area and geographic location. *See Thompson v. Cap. Link Mgmt., LLC*, No. 4:21-CV-3130, 2024 WL 666119, at *3 (S.D. Tex. Jan. 31, 2024), *report and recommendation adopted*, No. 4:21-CV-03130, 2024 WL 665191 (S.D. Tex. Feb. 16, 2024); *Stanton v. Jarvis Christian Coll.*, No. 6:18-CV-479-JDK-JDL, 2020 WL 5269439, at *6 (E.D. Tex. Aug. 27, 2020) (applying the SBOT Fact Sheet for guidance on prevailing rates). Further, the trial court itself is considered an expert as to the reasonableness of attorney's fees, and therefore may exercise its own expertise and judgment in making an independent valuation of appropriate attorney fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (citing *In re TMT Trailer Ferry, Inc.*, 577 F.2d 1296, 1304 (5th Cir. 1978)). The court utilizes the same method for determining the reasonable hourly rate of a paralegal. *Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 853 (S.D. Tex. 2017).

After calculating the lodestar, the court may decrease or enhance the lodestar figure based upon the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The *Johnson* factors include: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 800 n.18. However, "[t]he lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during

the initial calculation of the lodestar." *Heidtman v. Cnty. Of El Paso,* 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Shipes v. Trinity Indus.,* 978 F.2d 311, 319–20 (5th Cir. 1993)). Further, "[t]he court should exclude all time that is excessive, duplicative, or inadequately documented." *Jimenez v. Wood Cnty., Tex.,* 621 F.3d 372, 379–80 (5th Cir. 2010).

## DISCUSSION

### I.     Attorney's Fees & Paralegal Fees

#### a.    Hourly Rate

Plaintiff's motion requests an award of $2,640 in attorney's fees. (Doc. No. 14-1.) Attached to Plaintiff's motion is the sworn declaration of attorney Crystal Gibson, counsel for Plaintiff. Gibson avers that she has been a licensed Texas attorney since 2000, that she has handled similar mortgage litigation cases throughout Texas, and that the requested award represents actual attorney's fees at $220.00 per hour and actual paralegal fees of $95.00 per hour. *Id.* at 2–3. Gibson further states that based on her experience and performance of mortgage litigation work in Texas, the above-noted hourly rates are reasonable in that they are comparable to the rates charged by other lawyers in the community for similar work. *Id.* at 3.

Here, as with Plaintiff's prior motion for attorney's fees, the amended motion fails to provide any evidence other than counsel's own assertions that $220 per hour is a reasonable fee for an attorney or that $95 per hour is a reasonable fee for a paralegal. *See Paul*, 2021 WL 3503393, at *15 ("[A] mere conclusory statement that [a] fee [is] reasonable' is insufficient for calculating the lodestar fee.") (partially quoting *Hensley v. Eckerhart*, 461 U.S. 424 440 (1983)) (alteration in original). As such, the court will exercise its own expertise and judgment in making an independent valuation of appropriate attorney fees. *See Primrose Operating Co.*, 382 F.3d at 562.

4

In accord with other Texas courts and this court's own previous determination, the court finds it appropriate to look to the State Bar of Texas Hourly Fact Sheet[1] publication for guidance on prevailing rates in the community for similar services. *See Alvarez v. McCarthy,* No. 20-50465, 2022 WL 822178, at *3 (5th Cir. Mar. 18, 2022) (affirming district court's reliance on Fact Sheet for reasonable hourly fee of attorneys in Texas); *see also Stanton*, 2020 WL 5269439, at *6 (applying the Fact Sheet for guidance of prevailing rates); *Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, No. H-14-1368, 2020 WL 821879, at *9 (S.D. Tex. Feb. 19, 2020) (taking judicial notice of the Fact Sheet).

The Fact Sheet states that the median hourly rate for attorneys practicing creditor-debtor law in East Texas is $250.00 per hour. Given that the claims asserted in this case arose from an alleged debt owed by Defendant, the court finds that the creditor-debtor area of law to be appropriate. Ms. Gibson's curriculum vitae shows that she has over 24 years of experience in litigation and commercial disputes. (Doc. No. 14-2.) The Fact Sheet reports a median hourly rate of $300.00 per hour for an attorney with 24 years of experience. However, the billing records attached to the motion indicate that most of the legal work was performed by Associate Attorneys Mitch Little and Cheyenne Haley and Senior Attorney Mark Cronenwett. (Doc. No. 14-3.) Plaintiff has not provided any evidence of the experience of these attorneys. As such, the court will assume that they are associate attorneys with 1-2 years of experience in the relevant field. The Fact Sheet reports a median hourly rate of $200.00 per hour for an attorney with less than 2 years of experience. Considering these median rates, the court finds that $220.00 is a reasonable rate for the work done in this case by Plaintiff's counsel and counsel's associate attorneys. The majority

---

[1] STATE BAR OF TEX., 2015 HOURLY RATE FACT SHEET (Aug. 2016), *available at* https://www.texasbar.com/AM/Template.cfm?Section=Archives&Template=/CM/ContentDisplay.cfm&ContentID=34182.

of Plaintiff's counsel's work in this case occurred in 2024. *See id.* Accordingly, no adjustment for inflation is necessary.

As for the reasonableness of the requested paralegal fees, Plaintiff's counsel has failed to provide any evidence other than her own assertions that $95 per hour is a reasonable rate for the paralegal work done in this case. *See* Doc. No. 14-1. In contrast to the requested attorney's fees, the court is not aware of any surveys on paralegal fee rates in Texas that have been accepted by state or federal courts sitting in Texas. Nor is it the court's responsibility to seek out cases where similar paralegal fees were awarded. *See Powell*, 891 F.2d at 1173 (stating the fee applicant bears the burden to prove by competent evidence that the requested rate is reasonable). Further, the court already gave Plaintiff's counsel an opportunity to provide the necessary information to substantiate the requested fee award. *See* Doc. No. 13. For these reasons, the court finds that Plaintiff has failed to carry its burden to show that the requested paralegal award is reasonable. Therefore, the court recommends that the requested paralegal hours in this case, totaling 9.2 hours, be denied. *See* Doc. No. 14-3.

    b. <u>Hours Expended</u>

Plaintiff has submitted a billing record in support of hours worked, including the date the work was rendered, the attorney who did the work, a description of the work, and the hours worked. (Doc. No. 14-3.) According to Plaintiff's counsel's billing records, the total amount of hours expended by each attorney of its firm are as follows:

- Associate Attorney Mitch Little – 2.4 hours;
- Associate Attorney Cheyenne Haley – 9.2 hours;
- Senior Attorney Crystal Gibson – .3 hours; and
- Senior Attorney Mark Cronenwett – .4 hours.

*i. Clerical Activities*

"Clerical work is not recoverable in an award of attorneys' fees," even where such clerical work is performed by an attorney. *See Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2014 WL 3534991, at *6 (N.D. Tex. July 17, 2014). "There is no precise test for determining whether a task is legal or clerical." *Malick v. NCO Fin. Servs., Inc.*, No. CIV.A. H-14-1545, 2015 WL 4078037, at *5 n.4 (S.D. Tex. July 6, 2015). Rather, a court must use its judgment in making such a determination. *Id.* Courts have deemed certain tasks to be non-compensable, including reviewing and calendaring deadlines; printing, copying, and filing documents; drafting cover letters; ordering transcripts; organizing and updating materials and binders; loading and organizing computer databases; redacting and assembling exhibits; and transmitting documents. *See, e.g., Black*, 2014 WL 3534991, at *6; *Action Oilfield Servs., Inc. v. Mantle Oil & Gas, L.L.C.*, No. CIV.A. 13-4866, 2014 WL 2465310, at *5 (E.D. La. Jun. 2, 2014); *Fralick v. Plumbers & Pipefitters Nat. Pension Fund*, No. 3:09–CV–0752–D, 2011 WL 487754, at *8 (N.D. Tex. Feb. 11, 2011).

Here, the court finds that several entries reference work that is clerical in nature. Associate Attorney Cheyenne Haley billed a total of .60 hours for monitoring the status of serving Defendant. *See* Doc. No. 14-3, at 5, 8. Further, Attorneys Cheyenne Haley and Mitch Little billed a total of 1.20 hours for reviewing the court docket in this case. *See id.* at 8, 11, 13. Accordingly, the court finds an appropriate reduction of time in the amount of 1.80 hours.

*ii. Excessive or Duplicative Work*

Generally, time charged for work that is excessive or duplicative should be excluded from an award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Here, the court has already excluded any duplicative work that may have been done by Plaintiff's counsel's paralegals. Further, having reviewed the billing records, the court is satisfied that the attorney

7

entries are not excessive or duplicative. Accordingly, there should be no reduction in time for excessive or duplicative work.

### iii. Block Billing & Vague Entries

"Block billing" refers to a "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996). "Block billing is disfavored because it prevents the court from accurately determining the time spent on any particular task, thus impairing the court's evaluation of whether the hours were reasonably expended." *Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2015 WL 3999171, at *4 (N.D. Tex. July 1, 2015). A reduction for block billing is not automatic but may be warranted where the records presented are inadequate to determine reasonable hours. *See Fralick,* 2011 WL 487754, at *5. Having reviewed the billing records, the court is satisfied that each entry represents a discrete task that is appropriately itemized. Accordingly, there should be no reduction for block billing.

### c. Lodestar Calculation

In sum, the court has found hourly rates of $220 for Plaintiff's counsel and associate attorneys to be reasonable. Further, the court reduced the attorney billing hours by a total of 1.80 hours. Based on the foregoing, the court calculates a lodestar amount of $2,310.00 in accordance with the chart below:

| Name | Hours | Rate | Total |
| --- | --- | --- | --- |
| Associate Attorney Little | 2.1 | $220 | $462 |
| Associate Attorney Haley | 7.7 | $220 | $1,694 |

| | | | |
|---|---|---|---|
| Senior Attorney Gibson | .3 | $220 | $66 |
| Senior Attorney Cronenwett | .4 | $220 | $88 |
| | | **Total** | **$2,310** |

*i. Johnson Factors*

The court now considers whether the lodestar amount should be adjusted upward or downward. The party seeking adjustment bears the burden of establishing that an adjustment is warranted based on a proper assessment of the *Johnson* factors. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995). "Once the lodestar amount is determined, there is a strong presumption that it represents a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553–54 (2010). The court's assessment already includes several of the main *Johnson* factors, including the time and labor required for the litigation, the skill and experience of the attorneys, and the customary fee charged for similar services in the community. *See Johnson*, 488 F.2d at 800 n.18; *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("The lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar."). Further, after considering the remaining *Johnson* factors, the court is satisfied that the requested award need not be adjusted further.

**II. Costs**

Plaintiff's counsel seeks reimbursement for costs in the amount of $843.50, including $402.00 for the filing fee in this matter and $441.50 to serve Defendant. (Doc. No. 14-3.) A court may award costs to prevailing parties under Federal Rule of Civil Procedure 54(d). "Taxable court costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of the deposition transcript; (3) printing costs and witness fees; (4) fees for copies of papers necessarily

9

obtained for use in the case; (5) certain docket fees; and (6) compensation of court appointed experts and interpreters." *NSEW Holdings LLC v. Wells Fargo Bank, N.A.*, No. 4:15-CV-828, 2017 WL 1030313, at *8 (E.D. Tex. Mar. 17, 2017) (citing 28 U.S.C. § 1920). A district court may decline to award costs set forth in § 1920 but may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987).

Here, Plaintiff requests $402.00 for the costs of filing the complaint. This filing fee of the Clerk is allowed under § 1920 and is therefore recoverable. Plaintiff also requests $441.50 for process server fees related to service. Costs for private process server fees are not set forth under § 1920. Moreover, the Fifth Circuit has held that "costs for private process servers are not recoverable, absent exceptional circumstances." *Zastrow v. Houston Auto M. Imports Greenway*, Ltd., 695 F. App'x 774, 780 (5th Cir. 2017). Plaintiff has not shown any exceptional circumstances here to warrant the award of the costs for the private process servers hired to serve Defendant. Accordingly, the court finds that the costs associated with the private process servers are not recoverable here, and Plaintiff is only entitled to $402.00 in costs.

## CONCLUSION

Accordingly, the court **RECOMMENDS** that Plaintiff's motion for fees and costs (Doc. No. 14) be **GRANTED-IN-PART AND DENIED-IN-PART**. Plaintiff's motion should be **GRANTED** as to $2,310.00 in attorney's fees and $402.00 in costs. Plaintiff's motion should be **DENIED** as to all other requested attorney's fees, paralegal fees, and costs. Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the

district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 9th day of August, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE